IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BARBARA JO NORTH, individually and as guardian of NICOLE MARIE NORTH and STEVEN REED NORTH,<br><br>    Plaintiffs,<br><br><br><br><br>       vs.<br><br><br>FORD MOTOR COMPANY,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO RECONSIDER AND GRANTING MOTION TO BIFURCATE TRIAL<br><br><br><br><br><br>Case No. 2:00-CV-958 TS |

This matter is before the Court on Defendant's Motion for Reconsideration of Motion to Bifurcate.  On July 10, 2006, the Court denied Defendant's previous Motion to Bifurcate finding that "bifurcation under Fed. R. Civ. P. 42(b) is not necessary to avoid prejudice, and would not further convenience or be conducive to expedition and economy."[1]

---

[1]Docket No. 110.

Defendant moves to reconsider and bifurcate on the basis that Plaintiffs' amended pretrial disclosures[2] filed on January 16, 2007, have materially added to the number of witnesses and exhibits that Plaintiffs have designated.  Defendant argues that, as a result of the additions, bifurcation is necessary unless the Court grants its simultaneous Motion to Strike the additional witnesses and exhibits.[3]

Plaintiffs oppose the Motion on the grounds that it does not meet the high standard necessary to grant reconsideration under Rule 60(b).  The Federal Rules of Civil Procedure provide that a litigant subject to a "final" judgment or order entered more than ten days earlier may file a motion seeking relief from the order pursuant to Fed. R. Civ. P. 60(b).[4] However, the previous Order was not a final order and, therefore, is not subject to Rule 60(b).[5]  Accordingly, the Court need not apply the stringent standards for reconsideration under either Rule 59(e) or Rule 60(b).[6]  Instead, the present Motion to Reconsider the

---

[2]Docket Nos. 112 and 113.

[3]Docket No. 116 (Defendant's Motion to Strike).

[4]*Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (citation omitted).

[5]*Raytheon Constructors Inc. v. ASARCO, Inc.*, 368 F.3d 1214, 1217 (10th Cir. 2003); *see also* Rule 60(b) Advisory Committee Notes 1946 Amendments ("The addition of the qualifying word 'final' emphasizes the character of the judgments, order or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires.").

[6]*Trujillo v. Bd. of Educ. of Albuquerque Pub. Sch.*, 2007 WL 80698 *4 (10th Cir. January 12, 2007) (citing *Raytheon*, 368 F.3d at 1217).

bifurcation issue is within this Court's general discretionary authority to review and revise interlocutory rulings prior to entry of judgment."[7]

The Court finds that its prior decision on the bifurcation issue involved trial management issues and was not the type of ruling on a factual or legal issue that implicates the "law of the case" doctrine.[8]

The same day it filed the present motion, Defendant filed a Motion to Strike the additional exhibits and witnesses.[9]  Unlike the present Motion, which was fully briefed by the parties in five days, the Motion to Strike is not yet briefed and ready for resolution.

In opposition to the new request for bifurcation, Plaintiffs contend that their latest designations are not markedly different from their earlier designations, that the new designations only identify the same exhibits more specifically, and also argue that they plan to refine and reduce their designations.

The Court finds that when this case was set for the upcoming fourteen-day trial, it was scheduled in accordance with the time requested by each party.  Other proceedings are calendered for hearing nearly every afternoon of the trial and two lengthy trials are set

---

[7]*Id.* (quoting *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n.1 (10th Cir. 1991) and Fed. R. Civ. P. 54(b) (in the absence of direction for entry of partial judgment, any decision or order which adjudicates fewer than "all of the claims or the rights and liabilities of fewer than all the parties . . . is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 and n.14 (1983) (citing Rule 54(b) for the proposition that "every order short of a final decree is subject to reopening at the discretion of the district judge.").

[8]*See Wessel v. City of Albuquerque*, 463 F.3d 1138, 1143 (10th Cir. 2006) (explaining narrow exceptions to doctrine).

[9]Docket No. 117.

to follow immediately after this one.  Plaintiffs recently prevailed in four out of the five *Daubert* motions filed by Ford,[10] and, consequently, those experts can be expected to testify at trial.  As a result, the trial time is fully allocated and there is no possibility of extending the trial.

Whether the currently designated exhibit and witness lists contain new additions or are merely more specifically identified, from the sheer number of those exhibits and witnesses, it now appears the trial time requested by Plaintiffs may not be sufficient to accommodate the number of witnesses and exhibits set forth in their latest designations. Many of the additional proposed witnesses and exhibits address the damages issue.  As a result, the Court believes that it will promote efficiency and economy to have the trial bifurcated.  The parties will still have the time they requested as presently set, but bifurcation will ensure that there is no spillover of the time needed for any additional damages witnesses and exhibits to the time allocated to the other side.  In the event that the second stage is not required, the trial will be shortened.  In any event, the Court finds that there will be no prejudice to either side by bifurcation.  It is therefore

ORDERED that Defendant's Motion for Reconsideration of Motion to Bifurcate (Docket No. 114) is GRANTED, and trial will be bifurcated between liability and damages.

---

[10]*See* Docket No. 118 (Memorandum Decision and Order Denying Ford's Motion for Summary Judgment and also denying four *Daubert* motions).

Counsel are instructed not to discuss bifurcation during voir dire and trial without first seeking permission of the Court outside of the presence of the jury.

DATED February 1, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge